# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Marshaun Boykin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 16 C 50162 |
| | ) | |
| Enloe, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

The court has reviewed the Report and Recommendation ("R&R") of September 19, 2017, de novo and agrees with the findings and conclusions. Accordingly, Plaintiff's objections [50] are overruled. The court adopts the R&R [47] in its entirety and dismisses the complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to filing suit. The case is terminated. Dismissal is without prejudice to refiling suit after exhaustion should administrative remedies remain available to plaintiff.

## STATEMENT

Plaintiff, Marshaun Boykin, an Illinois state prisoner, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Brett Sandholm, a correctional officer at the Dixon Correctional Center ("Dixon"), violated plaintiff's constitutional rights in multiple respects when Sandholm responded to an inmate disturbance in March 2016. The magistrate judge held a Pavey hearing in this matter on August 4, 2017, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (Pavey I), and it is before the court for consideration of the magistrate judge's Report and Recommendation ("R&R"), as well as plaintiff's objections. For the reasons stated in this order, the court overrules plaintiff's objections and adopts the R&R.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(c); Saucedo v. Illinois Dep't of Corr., No. 15 CV 50136, 2017 WL 2274934, at *1 (N.D. Ill. May 25, 2017). The court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); Farmer v. DirectSat USA, No. 08 CV 3962, 2015 WL 13310280, at *1 (N.D. Ill. Sept. 24, 2015). The Seventh Circuit has explained that

> [d]e novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making

this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

Mendez v. Republic Bank, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." Id.; see also Farmer, 2015 WL 13310280, at *2 (same). That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 760 (7th Cir. 2009). Having reviewed the record in the instant case, the court agrees with the magistrate judge that dismissal on the ground of non-exhaustion is appropriate.

There is no question that plaintiff was required to exhaust the grievance process before initiating this lawsuit. The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); see also Jones v. Bock, 549 U.S. 199, 204 (2007); Maddox v. Love, 655 F.3d 709, 720 (7th Cir. 2011). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim" under § 1983. Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999); see also Howard v. Maselko, No. 11 CV 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013). Correctional officials bear the burden of pleading and proving failure to exhaust. Maddox, 655 F.3d at 720 (citing Jones, 549 U.S. at 212).

In order to satisfy the PLRA's exhaustion requirement, "a prisoner must take all steps prescribed by the prison's grievance system." Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004); Pozo v. McCaughtry, 286 F.3d 1022, 1023-25 (7th Cir. 2002). Where exhaustion of administrative remedies is a contested issue, the courts must hold a Pavey hearing on exhaustion before reaching the substantive merits of a given case. Wagoner v. Lemmon, 778 F.3d 586, 588 (7th Cir. 2015). Courts analyze a prisoner's exhaustion under the "preponderance of the evidence" standard. Saucedo, 2017 WL 2274934, at *1. In the case at bar, defendants have met their burden of establishing non-exhaustion.

Plaintiff testified that he was familiar with grievance procedures at Dixon and that he knew he had to file a grievance within sixty days of an incident. Plaintiff conceded that he has memory problems due to a brain injury. He nevertheless claimed that he believed he filed a grievance on March 26, 2016, but that he received it back with no response. Though plaintiff acknowledged that he did not resubmit the grievance, he speculated that he "might have" submitted additional grievances in connection with the incident, but that he was not certain.

Both Dixon's Grievance Officer and its Clinical Services Supervisor denied that plaintiff filed a grievance regarding the events giving rise to this lawsuit. They stated that they kept a log of all grievances, and that their log book reflected no grievance filed by plaintiff on or around March 26, 2016. They also asserted that they would not have returned a grievance to an inmate without

2

writing a response of some kind. Defendants produced a Grievance Tracking Log documenting plaintiff's numerous grievances at Dixon.

Based on the above evidence, the magistrate judge concluded that plaintiff did not file a grievance relating to the events underlying the instant complaint. The court reviews credibility determinations for clear error. Pavey v. Conley, 663 F.3d 899, 904 (7th Cir. 2011) (Pavey II) (affirming dismissal for failure to exhaust following remand). Here, the magistrate judge expressly found plaintiff's testimony "incredible" and noted plaintiff's memory problems, in contrast with defense witnesses' routine record-keeping and standard handling of grievances. The magistrate judge pointed out that the grievance attached to the complaint bore no response or directions from correctional officials and observed that, even assuming (a) plaintiff did submit a grievance on March 26, 2016, and (b) correctional officials for some reason returned the grievance without providing a written response of some kind, plaintiff had ample time to resubmit the purportedly returned grievance. Plaintiff failed to take advantage of that opportunity. The court discerns no clear error in the magistrate judge's determinations concerning the parties' and witnesses' relative credibility or in the conclusions he reached on the basis of the evidence.

Plaintiff's contention that the exhaustion process was somehow unavailable to him is without merit. It is true that a prisoner is not obligated to exhaust administrative remedies that are unavailable. Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016); Pavey I, 544 F.3d at 742. "Administrative remedies are primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (remedies unavailable where prison officials "do not respond to a properly filed grievance")); Thomas v. Reese, 787 F.3d 845, 847-48 (7th Cir. 2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); Kaba v. Stepp, 458 F.3d 678, 680, 686 (7th Cir. 2006) (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him, and solicited other inmates to attack him in retaliation for filing grievances"); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms)). However, this case presents no such alleged obstruction on the part of Dixon officials. To the contrary, the magistrate judge expressly found "no evidence that [plaintiff] was prevented from filing a grievance" before the deadline for doing so expired. Because defendants have demonstrated to the court's satisfaction that plaintiff never submitted a grievance concerning the altercation of March 26, 2016, plaintiff cannot claim that Dixon officials refused to process his grievance.

The court likewise rejects plaintiff's argument that defendants withheld or destroyed crucial evidence tending to establish exhaustion. A party who claims spoliation of evidence must show destruction in bad faith, which "requires destruction 'for the purpose of hiding adverse information.'" Bracey v. Grondin, 712 F.3d 1012, 1019 (7th Cir. 2013). In the case at bar, it is perhaps conceivable that a camera might have captured plaintiff submitting a grievance in the lock box on his tier on the date in question, but there is no suggestion that an occurrence of any significance took place on the day plaintiff thinks he may have submitted the grievance. Therefore, it would be unreasonable to make the logical leap that IDOC officials intentionally failed to preserve evidence that, though immaterial to plaintiff's underlying claims, might have shown his effort to

3

exhaust administrative remedies. The record does not support an inference that Dixon officials had reason to know that any video footage should have been preserved.

Furthermore, the court finds that the magistrate judge did not abuse his discretion in ruling that plaintiff was permitted to view only those portions of the Grievance Tracking Log that defendants deemed relevant. Grievances outside the relevant time frame would have no bearing on this case. Further, plaintiff can point to no documentary evidence he believes to be missing. Again, he alludes only to the mere possibility that such evidence of exhaustion may have existed, but plaintiff's speculation is an insufficient basis for disturbing the magistrate judge's findings. Moreover, the Cumulative Counseling Summary plaintiff relies on seems to be mostly a record of plaintiff's incoming and outgoing mail, not his grievances. Finally, it covers a time period (August 27, 2015, to October 5, 2015) that is wholly irrelevant to the issues presented in the case currently before the court. Plaintiff's argument that defendants may have suppressed evidence of exhaustion is ultimately unconvincing.

For the foregoing reasons, the court finds no error in either the magistrate judge's handling of the Pavey hearing or in his findings and conclusions. The court accordingly overrules plaintiff's objections and adopts the September 19, 2017, R&R in its entirety. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) due to plaintiff's failure to exhaust administrative remedies prior to filing suit. The court directs the clerk to enter final judgment terminating this case. Dismissal is without prejudice to refiling suit following administrative exhaustion in the event that prison grievance procedures remain available to plaintiff.

Date: 11/20/2017                                    ENTER:

                                                                                                 FREDERICK J. KAPALA

                                                                                                  District Judge